**IN THE SUPERIOR COURT**
**OF GUAM**

JESSE MICHAEL A. LUJAN,               )          Civil Case no. CV0861-10
                                      )
                     Plaintiff,       )
                                      )
         vs.                          )
                                      )          **DECISION AND ORDER**
JEFF MARCHESSEAULT, KTKB DIGITAL      )          re: Motion to Compel
MEDIA CORPORATION and coconspirators  )
DOES 1 through 9,                     )
                                      )
                                      )
                     Defendants.      )

_____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 10, 2011. The Plaintiff was represented by attorney Curtis C. Van de veld. Defendant Jeff Marchesseault was represented by attorney F. Randall Cunliffe. Defendant KTKB Digital Media Corporation ("KTKB") was represented by attorney Delia Lujan Wolff. After considering the matters presented, the court now issues the following decision and order granting in part and denying in part Defendant's motion to compel.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 3, 2010. In the complaint Plaintiff asserts a claim for defamation by libel and slander and/or negligent defamation. The complaint alleges that Defendants caused to be published, in a televised news broadcast, a picture of Plaintiff and statements imputing that Plaintiff was in contempt of court for failing to make payments to Bernadita Duenas in the mount of $300.00 per month.[1] Before the court now is KTKB's motion to compel discovery. More specifically, KTKB moves to

_____

[1] The statement also allegedly asserted that Plaintiff owes Bernadita Duenas more than $17,000.00.

compel Plaintiff to produce documents and answers to interrogatories.

## DISCUSSION

Rule 37(a)(2)(B) provides in part that "If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit an inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request. GRCP 37(a)(2)(B). In its motion, KTKB requests that the court order Plaintiff to fully respond to the following Interrogatories:

Interrogatory number 2 asks the Plaintiff to "Identify and state the name(s) and present address(es) of any and all witnesses who possess knowledge or information of any relevant facts relating to the issues raised in the complaint and answer, and their relationship to you."

Interrogatory number 3 asks the Plaintiff to "Identify and state the names, addresses, and telephone numbers of any and all witnesses you intend to call to testify on your behalf at the time of trial. As to each, set forth: a. How long you have known said witness; b. A synopsis or summary of the witness' anticipated testimony; c. Whether the witness was an eyewitness to any event relative to the issues raised in the complaint and answer; d. The relationship of the witness to you."

Interrogatory number 7 asks the Plaintiff to "Describe in full detail your salary or compensation during the period of January 1, 2010, until the present, and the source(s) of such salary or compensation. Include in your answer the dates of any salary or compensation promotions or increases."

Interrogatory number 8 asks the Plaintiff to "Identify each employer you have for prior to, and subsequent to, the period of time around May 20, 2010, in which you alleged you were subjected to slander and libel and/or negligent defamation. For each employer, list address, duties, title, dates of employment, name of supervisor, salary or compensation, and reason for separation from employment."

The court finds that Interrogatory 2 is relevant to the allegations in the complaint. Interrogatory 3 is not only burdensome but does not need to be answered at this time. See GRCP 27(a)(3). Thus, the court orders Plaintiff to identify and state the names, addresses, and telephone numbers of any and all witnesses who possess knowledge or information of any relevant facts relating to the issues raised in the complaint and answer. With regards to

Interrogatories 7 and 8, the court finds that these questions are not relevant to the allegations in the case. Therefore, the court denies KTKB's request as to Interrogatories 7 and 8.

Regarding the request for production of documents, KTKB also asks the court to order Plaintiff to produce the following document requests:

Document Request 3 asks for "every document containing statements made by parties or nonparties relating to or concerning this lawsuit or its subject matter."

Document Request 4 asks for "every document identified or relied upon in your answers to Defendant KTKB Guam Digital Media, Inc.'s First Set of Interrogatories to Plaintiff, specifically including but not limited to Interrogatory responses, and specify which Interrogatory such documents relates to."

Document Request 5 asks for "every document which contains information referenced in Defendant KTKB Guam Digital Media, Inc.'s First Set of Interrogatories to Plaintiff."

Document Request 6 asks for "every document which contains information relating to your claims and/or allegations contained in the complaint."

Document Request 7 asks for "all documents which support your allegation that KTKB is responsible for the new story complained of in your Complaint."

Document Request 8 asks for "a copy of all diplomas, certificates, or degrees you earned form education institutions after high school."

Document Request 9 asks for "all documents which show any changes (including promotions, salary or compensation increases or decreases, demotions, changes in employment duties, changes in talk show audience) in your employment during the period from January 1, 2010, until the present.

Document Request 10 asks for "all documents which show that you suffered economic loss as a result of the news story."

Document Request 11 asks for "all documents which show that you suffered harm to your professional reputation and reputation in the community as a result of the story."

Document Request 12 asks for "all documents which support your claim that the news story was slanderous, libelous, or negligently defamatory."

Document Request 13 asks for "all documents which show that any retraction you allege by Defendants of the news story was not an appropriate retraction."

Document Request 14 asks for "all documents which show that the news story was discussed on your talk show."

The court finds that Document Request 3, 4, 5, 6, 7, 11 and 12 are relevant to the allegations in the complaint. With regards to the remaining Document Requests, the court finds that they are

not relevant to the allegations in the case. Therefore, the court denies KTKB's request as to Document Request 8, 9, 10, 13, and 14.

**Attorney Fees**

Lastly, KTKB requests the court order the Plaintiff to pay its reasonable attorney fees incurred in preparing this motion and memoranda of law according to GRCP 37 (a)(4)(C). That section states in full:

> (4) Expenses and Sanctions. (C) if the motion [to compel discovery] is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

GRCP Rule 37(a)(4)(C). Thus, Rule 37(a)(4)(C) gives the court discretion in determining whether it will award reasonable expenses. In this case, the court finds that KTKB attempted in good faith to obtain the discovery without court action. However, the court finds that Plaintiff's nondisclosures and objections were also done in good faith. The court also notes that this is the first motion to compel brought before the court in the instant case. Accordingly, the court denies KTKB's motion for reasonable attorney fees.

## CONCLUSION

The court GRANTS in part KTKB's motion to compel on the basis that the Plaintiff has failed to answer discoverable interrogatories or produce relevant documents. Thus, the court ORDERS the following:

(1) That Plaintiff identify and state the names, addresses, and telephone numbers of any and all witnesses who possess knowledge or information of any relevant facts relating to the issues raised in the complaint and answer;

(2) That Plaintiff produce all discoverable information in Document Request 3, 4, 5, 6, 7, 11 and 12.

The court DENIES in part KTKB's motion to compel as to the remaining requests.

SO ORDERED, this 28 day of ___March___ 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

MAR 2 8 2012

